## STATE EX REL. BAILEY *v.* COOK, STATE AUDITOR.

[Submitted April 2, 1894. Decided April 13, 1894.]

APPROPRIATIONS—*Transfer of unused portion to general fund.*—When the legislature appropriates specific sums of money for each of the two ensuing fiscal years to be used in the construction of a state prison, and only a small portion of the fund is used during the first year, the unused portion of the appropriation did not thereby lapse so as to authorize the state auditor, at the expiration of the first fiscal year, to transfer it, together with the appropriation for the second fiscal year, to the general fund of the state.

ORIGINAL PROCEEDING.        Application for writ of mandate. Granted.

*O. F. Goddard,* for Relator.

*Henri J. Haskell,* attorney general, for the state, Respondent.

PEMBERTON, C. J.—On the twenty-sixth day of July, 1893, the relator entered into a contract with the prison commissioners of the state to furnish sand to be used in the building of the eastern state prison at Billings. On the seventeenth day of February, 1894, said relator presented his bill in the sum of four hundred and twenty-five dollars for furnishing said sand, to the state board of examiners, which was allowed by said board, and thereafter transmitted to said respondent, with a request for a warrant on the state treasurer for said sum. The auditor refused to draw his warrant for said sum. Upon such refusal to draw his warrant the relator makes this appli-

cation to this court for a writ of mandate to require said auditor to draw said warrant for said claim.

By the act of March 3, 1893 (Laws 1893, § 15, p. 197), forty-two thousand dollars were appropriated for the year 1893, to be used in the construction of said eastern prison, and thirty thousand dollars appropriated for the same purpose for the year 1894. It seems that only nine dollars of said fund was actually used and paid out in the fiscal year 1893. The auditor contends that he is not required to draw his warrant for the claim of relator, for the reason that the unused balance of said appropriation of forty-two thousand dollars was, on the first day of December, 1893, that being the day on which the fiscal year of 1893 ended, by law transferred to the general fund of the state, and that as the whole amount of said appropriation for the year 1893 was not used and paid out during said year, and was for that reason so transferred to the general fund, and thirty thousand dollars appropriated for the year 1894 was also transferred to the general fund on the first day of December, 1893, and that there is therefore no appropriated fund on which he can draw his warrant to pay relator's claim. We do not think this position tenable. The appropriation involved is for a specific purpose, and is for two years. We think the appropriation in question, being for two years, is subject to any demands and liabilities that may be incurred by the state's agents during the whole period that it was intended by the legislature that it should continue. Any other construction would prevent the state's paying its legal obligation, and embarrass it in carrying out the public enterprises contemplated by the legislature in enacting such appropriation laws. This view has been held in other jurisdictions under similar constitutions and laws to ours. (See *People* v. *Needles*, 96 Ill. 577; *People* v. *Swigert*, 107 Ill. 494.)

We think the contention of respondent that said appropriation or any part thereof lapsed on the first day of December, 1893, the end of the fiscal year for 1893, and was lawfully transferred to the general fund on that day, is not supported by authority or any legitimate construction of the laws of this state.

It is therefore ordered that a peremptory writ of mandate

issue in. this case, requiring said auditor to issue his warrant, in accordance with the application of the relator.

*Granted.*

HARWOOD and DE WITT, JJ., concur.